**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

IN RE DFAS HEARING,

Appellants,[1]

v.

DEPARTMENT OF DEFENSE,

Agency.

DOCKET NUMBER
NY-0752-14-0070-I-1

DATE: August 19, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Craig A. Sambor, New Hartford, New York, pro se.

Edmund J. Wiatr, Jr., Utica, New York, pro se.

Amanda J. Dinges and Hannah Meils, Indianapolis, Indiana, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      Two of the four appellants in this appeal have filed a petition for review of the initial decision, which affirmed the agency's furlough action. Generally, we

---

[1] The appellants who remain in this consolidation are set forth in Appendix A to this Order. This Order does not apply to other original appellants who did not seek the Board's review of the initial decision.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The seven original appellants in this case, employees of the Defense Finance and Accounting Service (DFAS) in Rome, New York, filed timely appeals challenging their placement in furlough status for 6 nonconsecutive days during fiscal year 2013. Consolidated Appeal File (CAF), Tab 1, Tab 3 at 14, Tab 19 at 2. The administrative judge consolidated the appeals under the above- captioned docket number, CAF, Tab 1; *see* 5 C.F.R. § 1201.36(b), and at the appellants' request, held a hearing, CAF, Tab 21. The appellants argued that they should not have been affected by the furlough because DFAS employees are paid from a Working Capital Fund (WCF) and that the Rome, New York, DFAS location was the agency's most cost effective site and should not have been subject to furlough in any event. CAF, Tab 19 at 1-2. After considering testimony from the deciding official and various documents prepared by the agency, the administrative judge found that the agency established the factual basis for the furlough and that the furlough promoted the efficiency of the service. CAF, Tab 22, Initial Decision (ID) at 9. Regarding issues related to the WCF, the administrative judge cited such cases as *Einboden v. Department of the*

*Navy*, 802 F.3d 1321, 1325 (Fed. Cir. 2015), and *Yee v. Department of the Navy*, 121 M.S.P.R. 686, 693 (2014), for the proposition that the agency did not have to demonstrate that funds saved as a result of the furlough were used to prevent a budgetary shortfall, and that the agency could consider its budget holistically rather than focus on each subordinate agency's budgetary situation. ID at 10.  The administrative judge further found that the deciding official was authorized to exempt individual employees from the furlough if they qualified for exemptions, but no evidence in this case indicated that the deciding official improperly denied the appellants exemptions from the furlough.  ID at 11.  She also found no evidence indicating that the furlough was used to target employees for personal reasons.  *Id.*  Accordingly, the administrative judge affirmed the furlough action.  *Id.*

¶3        Appellants Craig A. Sambor and Edmund J. Wiatr, Jr. filed this petition for review.  Petition for Review (PFR) File, Tab 1.  On appeal, Mr. Sambor held the position of Inventory Management Specialist, GS-11, and Mr. Wiatr held the position of Financial Management Analyst, GS-12.  ID at 1.  On review, the appellants assert that they proffered evidence that their pay and the pay of their colleagues did not come from appropriated funds; rather they were paid from a WCF.  *Id.* at 5-6.  They assert that the agency's WCF had a positive balance and money was available to fully fund employee salaries when the furlough occurred.  *Id.*  They additionally assert that they conveyed an "alternative plan to offset the requested furlough action" via their union officials, but that agency officials did not adopt the plan.  *Id.* at 7.

¶4        The appellants have not raised any new issues on review.  Both the Board and our reviewing court have addressed the matter of employees paid from WCF funds in *Einboden v. Department of the Navy*, 122 M.S.P.R. 302, *aff'd*, 802 F.3d 1321 (Fed. Cir. 2015).  In *Einboden*, the Board found that the issue on which the propriety of the furlough action turned was whether such an action was a reasonable management solution to the financial restrictions placed on the

agency, rather than whether the WCF was the source of funding for employee salaries. *Einboden*, 122 M.S.P.R. 302, ¶ 13. The Board further found that an agency could consider its budget holistically rather than isolate the funding situation for each of its subordinate organizations. *Id.*, ¶ 15. The Board also found that to meet the agency's burden of proving that the furlough action was a reasonable management solution to the agency's financial restrictions, it did not have to show that any funds saved from a furlough action actually left the subordinate organizations to be used for any other agency purpose elsewhere. *Id.*, ¶¶ 16-18; *Einboden*, 802 F.3d at 1325. The U.S. Court of Appeals for the Federal Circuit affirmed the Board's decision, specifically noting that, although the appellants were paid from a WCF, the organizations that paid into the WCF were under sequestration, and for that reason, the agency could reasonably expect an eventual reduction in its funding. *Id.*

¶5      We further note that an agency need not adopt proposed alternatives to a furlough in order to try to avoid one. *Lopez v. Department of the Navy*, 121 M.S.P.R. 647, ¶ 16 (2014) (determining that the Board will not second guess the agency's assessment of its mission requirements and priorities); *Waksman v. Department of Commerce*, 37 M.S.P.R. 640, 645 (1988) (finding that an agency may exercise considerable discretion in taking actions to avoid a deficit), *aff'd sub nom. Harris v. Department of Commerce*, 878 F.2d 1447 (Fed. Cir. 1989). The agency need only show that the furlough was a reasonable management solution to the financial challenges facing it and that it imposed the furloughs on employees in a fair and even manner, justifying any deviations between employees with legitimate management reasons. *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2013). The agency made such a showing here. Defense Finance and Accounting Service Administrative Record for FY 2013 Furlough Appeals, Tabs 1, 2 (located at http://www.mspb.gov/furloughappeals/ dfas2013.htm) (hereinafter Administrative Record).

¶6      The appellants additionally allege that the administrative judge denied them their due process rights and committed harmful error.  PFR File, Tab 1 at 2-6. The initial decision, they assert, is a "regurgitation of specious 'declarations'" given by agency officials.  *Id.* at 2.  The appellants argue that they were unable to challenge these declarations because the agency would not produce the relevant officials for the taking of sworn depositions, and that the administrative judge refused to grant their motion to compel such testimony or even to allow a hearing on the motion.  *Id.* at 2-3.  In denying their requests to depose the declarants, they argue, the administrative judge failed to develop the record and allowed the declarations of senior agency officials to go unchallenged.  *Id.* at 3-4, 9.  The appellants also argue that they were denied the right to examine these officials at the hearing, and such denial prejudiced their substantive rights.  *Id.* at 4, 7-8. They assert, moreover, that the agency's declarations were mere "boilerplate," and by submitting such declarations, the agency willfully violated Rule 37 of the Federal Rules of Civil Procedure.[3]  *Id.* at 4, 8.

¶7      Here, the appellants seem to be challenging the September 16, 2013 declaration of Robert F. Hale, Under Secretary of Defense and Chief Financial Officer of the Department of Defense.  Administrative Record, Tab 2.  The deciding official, whose declaration the agency also submitted, Administrative Record, Tab 1, testified at the hearing, CAF, Tab 21; ID at 9.  The appellant's allegations of error, though framed as due process violations, are properly analyzed as abuse of discretion claims because they describe the administrative judge's procedural decisions regarding case management, development of the record, and the admissibility of evidence.  The Board's regulations give administrative judges wide discretion under 5 C.F.R. § 1201.41 to manage the procedural aspects of Board appeals.  *See* 5 C.F.R. § 1201.41(b)(3)-(5), (8), (10), (15).  The Board will not reverse or vacate an initial decision on procedural

---

[3] Rule 37 pertains to the failure to make disclosures or cooperate during discovery.

grounds without proof that the administrative judge abused her discretion. *Tinsley v. Office of Personnel Management*, 34 M.S.P.R. 70, 73-74 (1987). The appellants have not shown such an abuse of discretion here. The issues in this appeal are narrow in scope, as the agency was not obligated to show that the furlough was the only or even the best management solution to its budgetary shortfall. The agency was only obligated to show that the furlough promoted the efficiency of the service. *Chandler*, 120 M.S.P.R. 163, ¶ 20. Discovery was limited to matters relevant to this issue; that is, information that appears reasonably calculated to lead to the discovery of admissible evidence. 5 C.F.R. § 1201.72(a). The appellants have not presented any evidence contesting the matters to which the declarants attested in their statements,[4] nor have they shown that the questions they would have asked the declarants might have led to the discovery of such evidence. Finally, to the extent that the appellants allege that the administrative judge allowed the agency to violate Rule 37 of the Federal Rules of Civil Procedure, the Board regards the rule as instructive rather than controlling. *Tinsley*, 34 M.S.P.R. at 75; 5 C.F.R. § 1201.72(a). Accordingly, we affirm the initial decision.

## NOTICE TO THE APPELLANTS REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[4] *See Woodall v. Federal Energy Regulatory Commission*, 30 M.S.P.R. 271, 273 (1986) (holding that a declaration subscribed as true under penalty of perjury, if uncontested, proves the facts it asserts).

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                     _____
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.

APPENDIX A

IN RE DFAS HEARING
NY-0752-14-0070-I-1


Craig A. Sambor                          NY-0752-13-0756-I-1
Edmund J. Wiatr                          NY-0752-13-0863-I-1